**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4719**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMIE TASHAWN WILLIAMSON,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Florence.   Terry L. Wooten, District Judge. (4:02-cr-00757-TLW)

---

Submitted:  January 31, 2007          Decided:  March 15, 2007

---

Before TRAXLER, KING, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Ray Coit Yarborough, Jr., Florence, South Carolina, for Appellant. Reginald I. Lloyd, United States Attorney, Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamie Tashawn Williamson pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2000), and was sentenced to 100 months in prison. Williamson appealed, and we vacated his sentence in light of United States v. Booker, 543 U.S. 220 (2005), concluding that the sentence violated his Sixth Amendment rights. On remand, the district court applied a cross-reference to U.S. Sentencing Guidelines Manual ("USSG") § 2A2.1(a)(1) (2002) (Assault with Intent to Commit Murder; Attempted Murder), considered the advisory guideline range and the factors in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), and reimposed a 100-month sentence. Williamson appeals, and we affirm his sentence.

Williamson contends that the district court should have applied the cross-reference in USSG § 2A2.2 (Aggravated Assault), not USSG § 2A2.1(a)(1). Where, as here, the facts are not contested, the issue is a legal one, and this court's review is de novo. United States v. Fullilove, 388 F.3d 104, 106 (4th Cir. 2004). Our careful review of the record leads us to conclude that the district court properly applied the cross-reference to USSG § 2A2.1(a)(1). Williamson and his friend, Mike Jefferson, saw the victim outside a convenience store, and, after a brief conversation, Jefferson told Williamson to "wet" the victim. Williamson responded by pulling a gun, telling the victim he was

- 2 -

going to die, and firing twice at the victim from about twelve feet away.  We conclude that the district court did not err in applying the cross-reference to § 2A2.1(a)(1).

Accordingly, we affirm Williamson's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED